J-S15021-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MARTIN WEST | : | |
| Appellant | : | No. 296 EDA 2025 |

Appeal from the Order Entered December 19, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001288-2022

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED JULY 9, 2026**

Martin West (Appellant) appeals, *pro se*, from the order dismissing his timely first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 13, 2021, Paul Blassingame (the victim) was found dead in his Philadelphia apartment. N.T. (Guilty Plea), 7/7/23, at 12 (Commonwealth's recitation of the factual basis for Appellant's guilty plea). The medical examiner determined the cause of the victim's death was "sharp and blunt impact injuries to the head and neck," and the manner of death was homicide. *Id.* at 13. After learning that Appellant, the victim's roommate, was in custody on an unrelated matter, police questioned him regarding the

_____

[*] Former Justice specially assigned to the Superior Court.

victim's death. *Id.* at 14-15. In a videotaped statement, Appellant waived his **Miranda**[1] rights and told police he killed the victim with an axe. *Id.* at 15. Appellant further indicated he discarded the axe near a particular store, and police thereafter found a blood-stained axe at that location. *Id.*

The Commonwealth charged Appellant with one count each of murder, possessing an instrument of crime (PIC), and tampering with evidence.[2] On July 7, 2023, Appellant entered a negotiated guilty plea to one count each of third-degree murder[3] and PIC. In accordance with the plea agreement, the trial court imposed an aggregate sentence of 12½ to 25 years' imprisonment. No post-sentence motion or appeal followed.

On August 7, 2024, Appellant, *pro se*, filed the instant, timely PCRA petition, his first. Therein, Appellant claimed his trial counsel rendered ineffective assistance by failing to file a requested direct appeal. PCRA Petition, 8/7/24, Attachment ¶ 6.

The trial court appointed Walter Chisholm, Esquire (PCRA counsel), to represent Appellant. On October 27, 2024, PCRA counsel filed a motion to withdraw from representation and no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth**

_____

[1] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[2] 18 Pa.C.S.A. §§ 2502, 907(a), 4910(1).

[3] 18 Pa.C.S.A. § 2502(c).

***v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In the no-merit letter, PCRA counsel concluded Appellant's ineffectiveness claim based on trial counsel's failure to file a requested direct appeal lacked merit. No-Merit Letter, 10/27/24, at 4-6. PCRA counsel noted that, at his guilty plea hearing, Appellant testified under oath that he did not want trial counsel to file an appeal. ***Id.*** at 4-5 (citing N.T., 7/7/23, at 32). PCRA counsel also attached an email from himself to trial counsel, memorializing a conversation in which, according to PCRA counsel, trial counsel confirmed that Appellant never requested that trial counsel file an appeal. ***Id.***, Exhibit A. PCRA counsel further stated that he reviewed the record and was unable to identify any other "potential claims of arguable merit" that could be asserted on Appellant's behalf. ***Id.*** at 4.

On November 18, 2024, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss Appellant's PCRA petition without a hearing. The PCRA court relied on the reasons stated in PCRA counsel's no-merit letter, and further opined that any direct appeal would have been meritless because the record confirmed that Appellant tendered a knowing, voluntary and intelligent guilty plea. ***See*** Rule 907 Notice, 11/18/24. The PCRA court advised that should Appellant choose to respond to the Rule 907 Notice, his response must be filed within 20 days. ***Id.*** The PCRA court further advised that it intended to dismiss Appellant's PCRA petition on December 19, 2024. ***Id.***

On December 19, 2024, having received no response from Appellant, the PCRA court entered a final order dismissing Appellant's PCRA petition and granting PCRA counsel's motion to withdraw from representation.

On January 8, 2025, the PCRA court received and docketed a *pro se* motion seeking leave to amend Appellant's PCRA petition. In the motion's proof of service, Appellant stated that he caused the motion to be served on December 5, 2024. ***See*** Motion for Leave to Amend PCRA Petition, 1/8/25, at 3 (unpaginated). **The record does not include the envelope in which the motion was mailed; therefore no postmark establishes the date of mailing.**

On January 17, 2025—without the PCRA court acting on Appellant's motion for leave to amend—Appellant filed a notice of appeal from the PCRA court's December 19, 2024, order. The PCRA court did not order Appellant to file a concise statement of matters complained of on appeal under Pa.R.A.P. 1925(b).

On March 18, 2025, Appellant filed in this Court a "Petition for Release of Notes of Testimony and All Other Related Documents." In the petition, Appellant asked this Court to compel numerous agencies and persons— including the District Attorney's Office, Appellant's former attorneys, and various law enforcement agencies—to produce a host of documents relating to the underlying murder investigation. ***See generally*** Petition, 3/18/25. Upon consideration of the petition, this Court remanded this matter to the

PCRA court for 60 days, directing the PCRA court "to provide Appellant, either directly or via prior counsel, with any requested documents and transcripts that the PCRA court deems necessary and relevant to allow for a complete and judicious assessment of the issues raised on appeal."  Order, 4/4/25.

On April 14, 2025, the PCRA court directed the Office of Judicial Records, the Court Reporter's Office, and the District Attorney's Office to provide PCRA counsel with complete copies of the lower court record, transcripts, and discovery materials.  PCRA Court Order, 4/14/25.  The PCRA court further directed PCRA counsel to deliver all of those materials to Appellant.  **Id.**  On July 7, 2025, the PCRA court filed a letter in this Court indicating that the PCRA court had complied with our April 4, 2025, order, and all of the referenced materials had been forwarded to Appellant.  **See** PCRA Court Letter, 7/7/25.

On September 9, 2025, Appellant filed a petition requesting an extension of time to file his appellate brief.  Therein, Appellant alternatively requested a remand to facilitate his "proper view[ing]" of two CDs/DVDs containing a 911 call and Appellant's videotaped interrogation.  Petition, 9/9/25, ¶¶ 1, 5.  Appellant claimed that PCRA counsel had sent the CDs/DVDs to Appellant, but that the CDs/DVDs "were sent back to … PCRA counsel after viewing them once, as instructed by … PCRA counsel."  **Id.** ¶ 5.  Appellant stated he had been unable to hear the 911 call's audio "due to some type of technical disfunction/difficulty."  **Id.**  Appellant further stated that he needed

additional viewing of the CDs/DVDs in order to have "his appointed Legal Aide/Legal Assistant-Paralegal" assist him in taking notes. *Id.*

On September 19, 2025, this Court granted Appellant's request for an extension of time to file his brief, but denied his "alternate request for remand[,] … without prejudice to Appellant's right to seek any additional requested relief from the PCRA court." Order, 9/19/25.

Appellant presents two questions for our review:

1. Was [Appellant] denied due process of law when the [PCRA court] erred in claiming no response to [the court's Rule 907] Notice … was filed?

2. Was [Appellant] denied due process of law when the [PCRA court] disregarded [Appellant's] plea to have his two CDs/DVDs re-sent to him[,] and in further disregard [of the] Superior Court's Order of September 19, 2025?

Appellant's Brief at 3.[4, 5]

When reviewing the dismissal of a PCRA petition,

we examine whether the PCRA court's conclusions are supported by the record and free from legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding. In contrast, we review the PCRA court's legal conclusions *de novo*.

_____

[4] The PCRA court's Rule 907 Notice and its December 19, 2024, order set forth its reasons for dismissing Appellant's PCRA petition. However, the PCRA court did not address the issues Appellant now raises on appeal, both of which involve events transpiring after the dismissal of Appellant's petition.

[5] We observe that "[a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citation omitted).

A PCRA petitioner has the burden of persuading an appellate court that the PCRA court erred and that such error requires relief.

***Commonwealth v. Hunter***, 355 A.3d 394, 413-14 (Pa. Super. 2026) (citations, quotation marks, and brackets omitted).

In his first issue, Appellant argues he was improperly denied the opportunity to amend his PCRA petition in response to the PCRA court's Rule 907 Notice. Appellant's Brief at 5-8. Appellant maintains this denial violated his due process rights under both the United States and Pennsylvania Constitutions. ***Id.*** at 6-7. Appellant contends he timely responded to the Rule 907 Notice within 20 days. ***Id.*** at 6. Although his motion for leave to amend was not docketed until January 8, 2025, Appellant asserts that he "submitted" the motion "to prison authorities" on December 5, 2024. Appellant's Reply Brief at 2-3 (unpaginated).

In his reply brief, Appellant invokes the prisoner mailbox rule, which "provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." ***Id.*** at 2 (unpaginated) (quoting ***Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019)). Appellant notes appellate courts are "inclined to accept any reasonably verifiable evidence of the date that the prisoner deposit[ed] the [document] with the prison authorities." ***Id.*** at 3-4 (unpaginated) (quoting ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997)). Appellant argues his motion's proof of service, in which he stated that he caused the motion to be served on December 5, 2024, constitutes proper evidence of the date of

deposit. *Id.* at 4 (unpaginated) (citing Motion for Leave to Amend PCRA Petition, 1/8/25, at 3 (unpaginated)). Appellant asks us to remand this matter and direct the PCRA court to grant him leave to file an amended PCRA petition. Appellant's Brief at 8.

The Commonwealth counters that Appellant's self-dating of his motion's proof of service does not constitute reasonably verifiable evidence of the date of delivery, particularly where the PCRA court received the motion "30 days after [Appellant's response to the Rule 907 Notice] was due and 20 days after the court had already dismissed his petition." Commonwealth Brief at 10. The Commonwealth maintains that "such a long delay precludes the inference that [Appellant's response] was timely filed." *Id.* at 11. The Commonwealth argues this case can be "distinguished from similar cases where a petitioner's response arrived untimely by merely two or three days, and courts were able to infer a timely submission based on the reported date of delivery." *Id.* at 10 (citing *Commonwealth v. Betts*, 240 A.3d 616, 619 n.5 (Pa. Super. 2020) (where the appellant's self-dated certificate of service was the only evidence indicating when he submitted his Rule 907 response to prison authorities, and where the "filing was untimely by only two days," this Court concluded the response "must have been" timely deposited, "[g]iven the inherent delays associated with mail delivery and the totality of the circumstances"), and *Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) ("Although the record is bereft of the envelope in which the

notice of appeal was mailed, and thus lacks a postmark definitively noting the date of mailing, we note that … in order for the trial court to have received the notice of appeal by September 25th, it is likely that [a]ppellant mailed his notice of appeal on or before September 22nd. Accordingly, we decline to quash the appeal for untimeliness.")).

The Commonwealth further argues that, even if Appellant's motion for leave to amend was deemed timely filed, the motion failed to identify any meritorious grounds for granting leave to amend. *Id.* at 11. Therefore, the Commonwealth argues, Appellant suffered no prejudice when the PCRA court dismissed his PCRA petition without considering his motion for leave to amend. *Id.*

We agree with the Commonwealth that Appellant's self-dated proof of service cannot, by itself, support an inference that Appellant's motion was timely filed, where the PCRA court received the motion 30 days after the filing was due. We therefore cannot conclude that Appellant timely filed his motion.

We are guided by our decision in **Commonwealth v. Ramsey**, 843 WDA 2025, 2026 WL 1031363 (Pa. Super. filed April 16, 2026) (unpublished memorandum), in which we observed that "[w]hen the filing is received by the relevant court only a few days after the expiration of the filing period, this Court assumes, without remanding for an evidentiary hearing, that the *pro se* filing must have been submitted to prison authorities for mailing by the last day of the filing period." *Id.* (unpublished memorandum at 3-4) (citing **Betts**,

240 A.3d at 619 n.5, and **Patterson**, 931 A.2d at 714); **see also** Pa.R.A.P. 126(b) (unpublished, non-precedential decisions of this Court filed after May 1, 2019, may be cited for persuasive value). In **Ramsey**, the appellant's notice of appeal was self-dated June 3, 2025, but was not received by the PCRA court until July 10, 2025, 22 days after the appeal period ended. **Id.** (unpublished memorandum at 4). Given the lengthy, unexplained delay, we determined the appellant's "self-dating … on the notice of appeal is not 'reasonably verifiable evidence' of the date he submitted the notice to prison authorities…. If anything, it only reasonably verifies the date [the appellant] prepared the notice of appeal." **Id.** (unpublished memorandum at 5). Accordingly, we quashed the appeal as untimely filed. **Id.**; **see also Commonwealth v. McMillian**, 245 A.3d 1045, 3196 EDA 2019 (Pa. Super. filed Dec. 4, 2020) (unpublished memorandum at 5) (relying on **Betts** and **Patterson** in concluding that an appellant's "self-dating the last day of the appeal period on the notice of appeal is not 'reasonably verifiable evidence' of the date [a]ppellant submitted the notice to prison authorities," where the trial court did not receive the filing until 15 days after the appeal period ended).

We further agree with the Commonwealth that, even if Appellant's motion for leave to amend had been timely filed, the motion failed to identify

any grounds for granting leave to amend.[6]  Appellant's motion sought leave to amend pursuant to Pa.R.Crim.P. 905(A), which provides that "[t]he judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time.  Amendment shall be freely allowed to achieve substantial justice."  Motion for Leave to Amend PCRA Petition, 1/8/25, ¶ 6 (quoting Pa.R.Crim.P. 905(A)).  In his motion, Appellant acknowledged Rule 905's purpose is "to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner **sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation**."  *Id.* (quoting *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003)) (emphasis added).

However, Appellant's motion for leave to amend failed to explain how Appellant intended to amend his PCRA petition, and did not propose to correct any defect.  *See generally id.*  Though the motion referred to trial counsel's alleged failure to file a requested direct appeal, *id.* ¶ 5, the motion did not address the PCRA court's reasons for concluding that claim lacked merit. Neither the motion nor Appellant's briefs in this Court challenge the conclusions set forth in the PCRA court's Rule 907 Notice or PCRA counsel's

---

[6] We review a PCRA court's decision whether to grant leave to amend a PCRA petition for an abuse of discretion. *See Commonwealth v. Keaton*, 45 A.3d 1050, 1060 n.3 (Pa. 2012).

no-merit letter. *See generally id.*; Appellant's Brief; Appellant's Reply Brief.[7]

As Appellant offers no amendment that could render his claim meritorious,[8]

we would conclude that—even if Appellant's motion had been timely filed—

Appellant was not aggrieved by the lack of an opportunity to amend.

Appellant's first issue therefore merits no relief.

In his second issue, Appellant argues he was denied due process of law

when the PCRA court "disregarded" Appellant's request to have the two

CDs/DVDs re-sent to him, which Appellant characterizes as the PCRA court

"disregard[ing]" this Court's September 19, 2025, order. Appellant's Brief at

9. Appellant asserts that, per our September 19 order, he "moved, via

correspondence, to have his CDs/DVDs re-sent" to him, and the PCRA court

did not respond to his request. *Id.* at 13 (citing *id.*, Exhibit H).[9] Appellant

_____

[7] Appellant does not dispute PCRA counsel's determination that Appellant did not, in fact, request that trial counsel file a direct appeal. *See* No-Merit Letter, 10/27/24, at 4-6.

[8] Though Appellant's argument on his first issue does not describe any proposed amendment, *see* Appellant's Brief at 5-9, Appellant suggests in his second issue that he wishes to assert an entirely new claim, *i.e.*, that Appellant's confession was obtained in violation of his *Miranda* rights, *id.* at 10-12. Appellant did not mention this claim in his motion for leave to amend. *See generally* Motion for Leave to Amend PCRA Petition, 1/8/25; *see also* Pa.R.A.P. 302(a) (issues cannot be raised for the first time on appeal).

[9] Appellant's brief attaches numerous documentary exhibits, some of which do not appear in the certified record before this Court. *See Commonwealth v. Holston*, 211 A.3d 1264, 1275 (Pa. Super. 2019) (*en banc*) (recognizing "the well established principle that [appellate] review is limited to those facts which are contained in the certified record and what is not contained in the
*(Footnote Continued Next Page)*

asserts that he needs the CDs/DVDs in order to develop a claim that his confession was obtained in violation of his **Miranda** rights.[10] **Id.** at 10-12.

The Commonwealth counters that the PCRA court fully complied with this Court's April 4, 2025, order, which directed the PCRA court to provide Appellant with any documents "that the PCRA court deems necessary and relevant to allow for a complete and judicious assessment of the issues on appeal." Commonwealth Brief at 12 (quoting Order, 4/4/25). The Commonwealth argues Appellant's stated reasons for wanting to obtain the CDs/DVDs involve a claim that was never raised in the PCRA court and, therefore, is not properly before this Court. **Id.** at 13-14.

_____

certified record does not exist for purposes of our review." (citations and quotation marks omitted)). Appellant's Exhibit H includes, *inter alia*, a handwritten letter "asking for the CDs/DVDs to be re-sent for viewing by me and my legal aide." Appellant's Brief, Exhibit H. The letter is undated, identifies no addressee, and, on its face, does not indicate that it was sent to or filed with the PCRA court. **Id.** However, even assuming *arguendo* that Appellant asked the PCRA court for the CDs/DVDs following our September 19, 2025, order, this fact would not affect our analysis.

[10] Appellant notes that trial counsel filed an omnibus pretrial motion, which included a motion to suppress Appellant's confession. Appellant's Brief at 12 (citing Omnibus Pretrial Motion, 3/17/22). Appellant maintains that he is unaware whether this motion had ever been responded to or ruled upon. **Id.** at 11-12. Our review of the certified record discloses the Commonwealth filed no response to the motion, and it remained pending when Appellant pled guilty. **See generally** Trial Court Docket; **see also** N.T., 7/7/23, at 6-7 (Appellant agreeing he understood that, by pleading guilty, he waived his "right to litigate any pretrial motions like, asserting, for example, that the Commonwealth obtained at least some of the evidence against [him] unlawfully, and, therefore, that evidence must be excluded from [his] trial.").

We conclude Appellant's second issue fails to establish any grounds for appellate relief. We agree with the Commonwealth that Appellant's request to obtain further access to the CDs/DVDs is not relevant to any issue properly before this Court. Appellant appealed the PCRA court's December 19, 2024, order dismissing his PCRA petition. Appellant's PCRA petition advanced the sole claim that trial counsel rendered ineffective assistance by failing to file a requested direct appeal. To the extent that Appellant wishes to review record evidence to develop future claims, we reiterate our September 19, 2025, order's direction that Appellant seek relief in the PCRA court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/9/2026